1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KHARRIEM B. SHAHEED,<br><br>Plaintiff,<br><br>v.<br><br>DR. REYES; CALIFORNIA<br>CORRECTIONAL HEALTH CARE<br>SERVICES; DR. STEVE MILLMOND,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. C 13-5751 JSW (PR)<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a California prisoner at Pelican Bay State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is ordered served upon Defendants and dispositive motions are scheduled.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he injured his foot at San Quentin on January 1, 2012. His doctor ordered an M.R.I.. He went to see Defendant Dr. Steve Millmond, of Shared Imaging, who gave him a C.T. scan instead of an M.R.I.. This caused a "misdiagnos[is]" such that he needed another M.R.I. seven months later. A specialist and University of California San Francisco told Defendant Dr. Reyes at San Quentin that the M.R.I. showed that he needed surgery. Nevertheless, the California Correctional Health Care Services at San Quentin, also a defendant, still has not provided Plaintiff with surgery. When liberally construed, these allegations state cognizable claims that defendants were

1  deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth

2  Amendment.

### CONCLUSION

4  For the reasons set out above, the Court orders as follows:

5  1. The Clerk of the Court shall issue summons and the United States Marshal shall

6  serve, without prepayment of fees, a copy of the **complaint** (dkt. 4) and all attachments

7  thereto, and a copy of this order upon Defendants **Dr. Reyes and the California**

8  **Correctional Health Care Service at San Quentin State Prison**, and upon Defendant

9  **Dr. Steve Millmond at Shared Imaging, 801 Phoenix Lake Ave., Streamwood,**

10  **Illinois, 60107.**

11  The Clerk shall also mail a courtesy copy of the complaint with all attachments

12  thereto, and this order to the California Attorney General's Office.

13  The Clerk shall also serve a copy of this order on Plaintiff.

14  2. Defendants shall file an answer to the complaint in accordance with the Federal

15  Rules of Civil Procedure.

16  3. In order to expedite the resolution of this case:

17  a. No later than **91 days** from the date this order is filed, defendants shall

18  file a motion for summary judgment or other dispositive motion. If defendants are of the

19  opinion that this case cannot be resolved by summary judgment, they shall so inform the

20  court prior to the date the summary judgment motion is due. All papers filed with the

21  court shall be promptly served on the plaintiff.

22  b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with

23  the court and served upon defendants no later than **28 days** from the date of service of the

24  motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

25  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en

26  banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

27  If defendants file an unenumerated motion to dismiss claiming that plaintiff failed

28  to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

        c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

        d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

        e.  Along with their motion, defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion without prejudice.

    4.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: 2/6/14

_____
JEFFREY S. WHITE
United States District Judge

1

### NOTICE -- WARNING (SUMMARY JUDGMENT)

2     If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

3     Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue

4 of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as

5 a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony),

6 you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

7 as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do

8 not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and

9 there will be no trial.

10

### NOTICE -- WARNING  (EXHAUSTION)

    If defendants file a motion to dismiss for failure to exhaust administrative

11 remedies, they are seeking to have your case dismissed.  If the motion is granted it will end your case and there will be no trial.

12     A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the

13 pleadings.  You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of

14 declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they

15 are authentic, or other sworn papers, such as answers to interrogatories or depositions.  In considering a motion to dismiss for failure to exhaust administrative remedies, the court

16 can decided disputed factual matters with regard to the exhaustion question.  Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not

17 enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KARRIEM SHAHEED,

            Plaintiff,

  v.

SAN QUENTIN et al,

            Defendant.

_____/

Case Number: CV13-05751 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karriem B. Shaheed
H65017
San Quentin State Prison
San Quentin, CA 94974

Prisoner Trust Account Office
Karriem B. Shaheed
H65017
San Quentin State Prison
San Quentin, CA 94974
Dated: February 6, 2014

Richard W. Wieking, Clerk
By: Lisa R Clark, Deputy Clerk