IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARRIEM B. SHAHEED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, SAN QUENTIN, et al.,<br><br>　　　　Defendants. | Case No.: C 13-05751 VC (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

　　　　Plaintiff moves for the appointment of counsel because the legal issues are complex and he is unable to adequately investigate or present the factual issues regarding his claims.

　　　　"[I]t is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED.

If, in the future, the Court concludes it is necessary to appoint counsel to represent Plaintiff, it shall do so *sua sponte*.

This Order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated: May 12, 2014

_____
VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE