UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARRIEM B. SHAHEED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. REYES, et al.,<br><br>　　　　Defendants. | Case No. 13-5751 VC (PR)<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT AND SERVING FIRST AMENDED COMPLAINT**<br><br>Doc. no. 14 |

On December 11, 2013, Karriem B. Shaheed, a state prisoner incarcerated at San Quentin State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Steve Millmond, a physician at Shared Imaging, Dr. Reyes, Shaheed's physician at San Quentin, and the California Correctional Health Service at San Quentin.  The complaint alleged that Shaheed injured his foot at San Quentin on January 1, 2012 and, although his doctor ordered an MRI, Millmond mistakenly gave him a CT scan, which caused a misdiagnosis.   The complaint also alleged that, although a specialist at the University of California San Francisco told Reyes that Shaheed needed surgery, neither Reyes nor the California Correctional Health Care Services at San Quentin referred Plaintiff for surgery.  On February 6, 2014, the Court found that Plaintiff's allegations, liberally construed, stated claims that these three defendants were deliberately indifferent to Shaheed's serious medical needs in violation of the Eighth Amendment and ordered service on these defendants.

On April 17, 2014, Reyes and the California Correctional Health Care Services filed their answer to the complaint.  Millmond has not answered the complaint.  On May 9, 2014, Shaheed moved for leave to amend his complaint to add other San Quentin employees as defendants.  The motion has a signature date of May 5, 2014.  As a pro se prisoner, Shaheed gets the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison authorities to mail to the court.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

The Court assumes that Shaheed gave the motion to amend the complaint to prison authorities on the day he signed it, May 5, 2014, and deems it filed on that date.

## DISCUSSION

### I. Motion to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(b). Because Shaheed filed his motion to amend the complaint on May 5, 2014, within twenty-one days after service of the answer, he may file his amended complaint as a matter of course and does not require leave of the Court. The motion for leave to amend the complaint is, therefore, GRANTED. Shaheed's amended complaint, which was received by the Court, shall be filed by the Clerk of the Court.

As with all prisoner complaints, the Court must review Shaheed's amended complaint under 28 U.S.C. § 1915A(a).

### II. Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the

2

1  deprivation of a federally protected right. *Lemire v. California Dep't of Corrections &*
2  *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
3  1988). A person deprives another of a constitutional right within the meaning of section 1983 if
4  he does an affirmative act, participates in another's affirmative act or fails to perform an act which
5  he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844
6  F.2d at 633.

7  But there is no respondeat superior liability under section 1983. *Lemire*, 726 F.3d at 1074.
8  That is, a supervisor is not liable merely because the supervisor is responsible, in general terms,
9  for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno*
10 *Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be
11 liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a
12 sufficient causal connection between the supervisor's wrongful conduct and the constitutional
13 violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a
14 plaintiff to allege generally that supervisors knew about the constitutional violation or that they
15 generally created policies and procedures that led to the violation, without alleging "a specific
16 policy" or "a specific event" instigated by the supervisors that led to the constitutional violation.
17 *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

18 **III. Shaheed's Allegations**

19 In his amended complaint, Shaheed adds the following San Quentin employees to add as
20 Defendants: (1) Registered Nurse J. de la Cruz; (2) Dr. Elena Tootell, Chief Medical Officer;
21 (3) Dr. Lisa Pratt, Chief Physician and Surgeon; (4) Andrew W. Deems, Chief Executive Officer
22 of Health Care Services; and (5) Registered Nurse N. Podolsky, Health Care Appeal Nurse.
23 Shaheed also names J. Lewis, Chief Deputy Director, Policy and Risk Management Services
24 Office of Third Level Appeals in Elk Grove, California.

25 The amended complaint alleges the following: Shaheed hurt his foot in January 2012. He
26 was given a CT scan instead of an MRI. Seven months later, Shaheed was given an MRI and the
27 specialist indicated that Shaheed's foot needed surgery. Shaheed's doctor put the surgery off for
28 seven months and, as of the date Shaheed wrote his amended complaint, he still has not received

3

the necessary surgery. De La Cruz interviewed Shaheed in connection with his first level appeal for failure to receive foot surgery. Shaheed told de la Cruz that his foot was getting worse, but she denied his appeal. Shaheed requested a medical interview with Tootell and she responded by denying proper treatment for his ankle injury. Pratt, who is a supervisor and Chief Physician at San Quentin, should have known about Shaheed's injury and his administrative appeals, but she failed to act.

On August 1, 2013, Shaheed filed his first level institutional appeal for a proper diagnosis and treatment of his foot and for a lower tier and lower bunk. Podolsky reviewed the appeal and partially granted it, but did nothing to implement the proper treatment. On August 8, 2013, Shaheed filed his second level appeal. Deems, as Chief Executive Officer of Health Care Services, partially granted the appeal but, again, he did nothing to implement the proper treatment. On November 18, 2013, Shaheed filed the third level appeal, which was denied in its entirety by Lewis.

In March 2014, Shaheed's new health care doctor referred him to a specialist at the UCSF hospital. The specialist ordered an MRI so Shaheed's foot could be re-diagnosed. Shaheed has not gotten the MRI.

Liberally construed, the amended complaint appears to state an Eighth Amendment claim for deliberate indifference to Shaheed's serious medical need against all the named defendants, with the exception of Pratt. The only allegation against Pratt is that, as a supervisor, she should have known of Shaheed's injury and his administrative appeals, but failed to act. This brief allegation is insufficient to state a claim against a supervisor. *See Henry A*, 678 F.3d at 1003-04. Therefore, the deliberate indifference claim is dismissed as to Pratt.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Shaheed's motion to file an amended complaint is granted. Doc. no. 14. The Clerk of the Court shall file the amended complaint, which was received at docket number 15.

2. The Eighth Amendment claim against Pratt for deliberate indifference to serious medical needs is dismissed. Dismissal is without leave to amend as it does not appear that any

4

1  allegations can cure the deficiency noted above.

2      3. The amended complaint appears to state a cognizable Eighth Amendment claim for

3  deliberate indifference to serious medical needs against de la Cruz, Tootell, Podolsky, Deems, and

4  Lewis.

5      4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

6  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

7  complaint (docket no. 14) and all attachments thereto and a copy of this Order to Defendants de la

8  Cruz, Tootell, Podolsky and Deems at San Quentin and to Defendant Lewis at at the Policy and

9  Risk Management Services Offices of the Third Level Appeals, Health Care in Elk Grove,

10 California.  The Clerk shall also mail a courtesy copy of the amended complaint with all

11 attachments and a copy of this Order to the State Attorney General's Office in San Francisco, and

12 a copy of this Order to Shaheed.

13     5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

14 them to cooperate in saving unnecessary costs of service of the summons and the amended

15 complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the

16 Court, on behalf of Shaheed, to waive service of the summons, fail to do so, they will be required

17 to bear the cost of such service unless good cause be shown for their failure to sign and return the

18 waiver forms.  If service is waived, this action will proceed as if Defendants had been served on

19 the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not

20 be required to serve and file an answer or other responsive pleading before sixty days from the

21 date on which the request for waiver was sent.  (This allows a longer time to respond than would

22 be required if formal service of summons is necessary.)

23     Defendants are advised to read the statement set forth at the foot of the waiver form that

24 more completely describes the duties of the parties with regard to waiver of service of the

25 summons.  If service is waived after the date provided in the Notice but before Defendants have

26 been personally served, the answer shall be due sixty days from the date on which the request for

27 waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

28     6. The following briefing schedule shall govern dispositive motions in this action:

5

1         a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Shaheed.

        At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Shaheed with notice of what is required of him to oppose a summary judgment motion.

        b. Shaheed's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

        Before filing his opposition, Shaheed is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Shaheed is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Shaheed will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

        c. Defendants shall file a reply brief no later than fourteen days after the date Shaheed's opposition is filed.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Shaheed and any other necessary witnesses confined in prison.

8. All communications by Shaheed with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

9. It is Shaheed's responsibility to prosecute this case. Shaheed must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

11. This Order terminates docket no. 14.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
VINCE CHHABRIA
United States District Judge